Joe Albert LITTLEFIELD, also known as Joe A. Littlefield, and Bernadine M. Littlefield, Plaintiffs-Appellants,

v.

WALT FLANAGAN AND COMPANY, a/k/a Walt Flanagan & Co., Inc., et al., Defendants-Appellees.

No. 73–1661.

United States Court of Appeals, Tenth Circuit.

Argued March 18, 1974.

Decided June 18, 1974.

Wm. H. Hazlitt, Denver, Colo. (Weller, Friedrich, Hickisch & Hazlitt, Denver, Colo., on the brief), for plaintiffs-appellants.

Edward B. Towey, Denver, Colo., entered an appearance for the defendants-appellees but filed no brief and made no argument.

Before BREITENSTEIN, SETH and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is whether an action for rescission under the Truth in Lending Act, 15 U.S.C. § 1635, is barred by the one-year period of limitations contained in § 1640(e). The district court held that the action was barred. We reverse.

On November 25, 1970, plaintiffs-appellants contracted with defendant-appellee Perlmutter Associates, Inc., for the purchase of real property to be used by them as a residence. As part of the purchase price, purchasers gave to Perlmutter, the seller, a note for $9,260.-13 secured by a second deed of trust on the property. Perlmutter assigned these instruments to defendant-appellee Walt Flanagan and Company. Although the purchase and sale was a consumer credit transaction within the purview of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., none of the disclosures required by the Act were made by the seller to the purchasers. After purchasers defaulted on payments, Flanagan threatened foreclosure. Purchasers learned of their statutory right to rescind on February 20, 1972, and on the next day notified Perlmutter, the seller, that they chose to exercise the right. Defendants ignored the notice and on March 3 notice of foreclosure was published on the demand of Flanagan. Purchasers filed this suit on April 7, 1972, and sought an injunction against foreclosure, recovery of the civil liability provided by 15 U.S.C. § 1640, and rescission under 15 U.S.C. § 1635.

The district court granted a preliminary injunction barring the foreclosure sale. The seller, Perlmutter, and its assignee, Flanagan, then filed in this court a petition for mandamus to require the vacation of the injunction and the dismissal of the district court action. The

district court entered orders maintaining the status quo during the mandamus proceedings. On June 28, 1972, the petition for mandamus was denied. See No. 72–1350, Flanagan and Company v. Arraj. On July 12 default was entered against all defendants. On September 28 Judge Arraj vacated the default, ordered an answer on the merits only within five days, and forbade the assertion of any counterclaim. From the bench he sharply criticized what he called "the arrogance of counsel for the defendants" and said that if permissible he would assess $300 as a sanction against defendants. The answer then filed raised the bar of the § 1640(e) statute of limitations.

The case was heard by Judge Finesilver who held that as to both the civil liability and rescission claim jurisdiction was dependent on § 1640 and failed because of the one-year limitation which ran from the date of the transaction.

■ The statutory scheme of the Truth in Lending Act "is within the power granted to Congress under the Commerce Clause." Mourning v. Family Publications Service, Inc., 411 U.S. 356, 377, 93 S.Ct. 1652, 1665, 36 L.Ed.2d 318. Section 1337, 28 U.S.C., gives the district courts "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating Commerce * * *." It follows that jurisdiction lies under § 1337.

So far as pertinent here the Act provides in § 1635(a),[1] that in a consumer credit transaction in which a security interest is retained or acquired on residence property, except a first lien to finance acquisition (see § 1635(e), the obligor has the right to rescind "until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section * * *." The creditor is required to "clearly and conspicuously" disclose to the obligor his rights under § 1635, and shall provide "an adequate opportunity to the obligor to exercise his right to rescind any transaction" subject to the section.

We have here a consumer credit transaction with an acquired security interest, a second lien on real property used as a residence. Regulation Z promulgated under the Act, 12 C.F.R. § 226.9, details rules relating to notification by the seller to the purchaser of his right to rescind. Defendants ignored these rules. When the purchasers notified the seller of their desire to rescind, the seller gave no reasonable opportunity for the exercise of that right.

The question then is whether the § 1635 claim is barred by § 1640(e). In its subsection (a), § 1640 creates a specified civil liability for failure to make the disclosures which the Act requires. Subsection (e) reads:

"Any action under this section may be brought in any United States District Court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

In Stevens v. Rock Springs National Bank, 10 Cir., 497 F.2d 307, we said that "the disclosure requirements [of the

---

1. Section 1635(a) reads:

"Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section under this part, whichever is later, by notifying the creditor, in accordance with regulations of the Board of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section."

Act] may be satisfied without penalty at any time prior to the contracting to extend credit, and no violation can occur until such a credit contract is executed," and held that an action for § 1640 liability was barred when the action was brought more than one year after the closing of the purchase transaction. The Stevens opinion expressly left undecided any relationship between the right of rescission under § 1635 and the § 1640(e) limitation period. Wachtel v. West, 6 Cir., 476 F.2d 1062, cert. denied 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114, also enforced the one-year limitation in a § 1640 action and left open the application of that limitation to a § 1635 action.

Stevens v. Rock Springs National Bank disposes of the § 1640 claim of the purchasers because the action was brought more than one year after the consummation of the transaction. The applicability of the limitation to a § 1635 claim was not decided by either Stevens or Wachtel v. West, and is apparently a matter of first impression in federal appellate courts. There is no helpful legislative history. See Palmer v. Wilson, N.D.Cal., 359 F.Supp. 1099, 1103–1104.

▉ Section 1640(e) by its express terms applies only to actions to enforce § 1640 rights. Section 1635 has no provision limiting the time for suit. The three-day provision of that section does not apply because the creditor did not disclose to the obligor his right to rescind. The Act is designed to prevent "unscrupulous and predatory creditor practices," is remedial, and must be liberally construed to effectuate the intent of Congress. N. C. Freed Co., Inc. v. Board of Governors of the Federal Re-

serve System, 2 Cir., 473 F.2d 1210, 1214, cert. denied, 414 U.S. 827, 94 S.Ct. 48, 38 L.Ed.2d 61. The purchasers brought this suit about six weeks after they learned of their right to rescind. Whatever detriment might be suffered by defendants is their own fault because they chose to flaunt the statute. The purpose of the Act is furthered by permitting, rather than barring, the suit.

▉ The fact that the rescission notice went to Perlmutter, the assignor of second lien holder Flanagan, is immaterial. Section 1635 requires that notice of intent to rescind be given to the creditor and Perlmutter was the creditor under the definition in § 1602(f). In our opinion the § 1635 rescission claim is not barred by § 1640(e) or otherwise and may be maintained. The district court erred in dismissing it.

▉▉ One point remains. Judge Arraj in vacating the default against defendants said that if it were permissible he would impose a sanction of $300 against defendants. The matter was not pursued further because of Judge Finesilver's dismissal of the action. The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead. 10 Wright, Fed.Pract. and Proc. §§ 2699 and 2700. On remand the district court shall determine what, if any, sanction shall be imposed in the light of the objectives of the Truth in Lending Act and the delays which the actions of the defendants have caused in this case.

Reversed and remanded for further proceedings in the light of this opinion. The mandate shall issue forthwith.