**Victoria A. DAUGHTREY, Plaintiff,**

v.

**FIRST BANK & TRUST COMPANY OF SOUTH BEND, Defendant.**

**No. S 76–204.**

United States District Court,
N. D. Indiana,
South Bend Division.

July 28, 1977.

---

Edward J. Welch, South Bend, Ind., for plaintiff.

Warren E. McGill, Richard W. Morgan, South Bend, Ind., for defendant.

## ORDER AND MEMORANDUM

ALLEN SHARP, District Judge.

On November 30, 1976 the plaintiff, Victoria A. Daughtrey, filed a complaint alleging the defendant bank violated various provisions of Title 15 U.S.C. § 1631. In particular the plaintiff seeks to recover for the alleged failure of the defendant to disclose the correct annual percentage rate, the amount of attorney's fees to be paid in case of a default, the alleged failure of the defendant to accurately describe the security interest, and the alleged failure of the defendant to disclose that credit life and credit disability insurance were not required in connection with the execution of a Security Agreement by the plaintiff to the defendant relating to a $2,751.53 consumer loan to the plaintiff by the defendant bank. The plaintiff defaulted in the repayment of the loan and on November 8, 1976 the defendant bank brought suit in an Indiana state court to recover the balance of $765.61 and accrued interest plus attorney fees of $191.40. Judgment was entered in favor of the First Bank and Trust Company of South Bend by the St. Joseph County Superior Court on December 16, 1976.

The defendant bank, by means of a Motion to Dismiss filed on January 24, 1977 now contends that the allegations raised in plaintiff's complaint constitute a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure and Rule 13(A) of the Indiana Trial Rules of Court. Since the plaintiff's present claim arose out of the same transaction and occurrence that was the subject matter in state court litigation, the defendant maintains that the plaintiff's failure to raise the counterclaim in the Indiana State Court litigation should now constitute a bar to the plaintiff pursuing this federal action.

At the outset this Court is unpersuaded by the defendant's argument that Indiana law and procedure control the issue before it. Jurisdiction of the present action is not founded upon the diversity of citizenship of the parties. This Court is therefore not bound by the construction and application of Indiana law or the construction of federal statutes by the Indiana Courts. In the present action the plaintiff invokes the jurisdiction of this Court pursuant to an express congressional jurisdictional act, 15 U.S.C. § 1640(e). Consequently federal law controls the disposition of the issue before the Court. It should be noted that this

Court is not holding that Indiana Courts do not have jurisdiction to hear disclosure violations under 15 U.S.C. § 1640(e). This Court is only holding that state law shall not serve to preempt or preclude this Court from the exercise of a specific congressional jurisdictional grant.

■ Having thus concluded that federal law controls, the issue as viewed by the Court is whether a plaintiff, who as a defendant in a prior state court proceeding concerning her unpaid consumer loan, and who failed to raise as a counterclaim in that prior action the alleged disclosure violations of 15 U.S.C. § 1631 may now litigate the disclosure claim in federal court. The issue appears to be of first impression. Neither the plaintiff nor the defendant has cited any authority which directly support their respective positions. In addition this Court's independent survey of the law has failed to reveal any case law which has faced and resolved this same issue. This Court must therefore look to other courts which have addressed similar issues in an attempt to resolve the present controversy.

An issue that several federal courts have addressed is whether the amount due on the consumer loan springs from the same transaction which support the plaintiff's cause of action against the lender for failure to disclose under 15 U.S.C. § 1631. If it is so closely linked to the same transaction that support the plaintiff's claim, then it constitutes a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure.

*Roberts v. National School of Radio & Television Broadcasting*, 374 F.Supp. 1266 (N.D.Ga.1974), was one of the first cases to address the issue. In *Roberts* the court stated:

"The plaintiff's claim is that the defendant failed to make certain credit disclosures in a financing agreement in accordance with TIL disclosure requirements. The defendant's counterclaim is for the balance due on the note. The scheme of TIL is to create a species of private attorneys general to participate prominently in the enforcement of the

statute. *Ratner v. Chemical Bank New York Trust Co.*, 329 F.Supp. 270 (S.D.N.Y. 1971). The avowed purpose of the law is to assure meaningful disclosure of credit terms so that consumers will be able to readily compare available credit terms and thereby avoid the uninformed use of credit. *N.C. Freed Co. v. Board of Governors of the Federal Reserve System*, 473 F.2d 1210 (2d Cir. 1973). Given the remedial nature of TIL and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of the target of the very legislation under which a TIL plaintiff states a cause of action.

The plaintiff's claim falls within the very narrow scope of a federal statute, the defendant's within the very broad range of state remedies. While both the plaintiff and the defendant state claims arising from the same transaction in the sense that each party is suing because of the other's obligations on the note, the plaintiff's claim is in furtherance of a stated federal legislative policy. The defendant contends simply that plaintiff is in default on a private duty. To permit the defendant to pursue its claim in federal court would unduly complicate the expeditious resolution of TIL litigation. The liability to which a violator of TIL is subject has been characterized as a penalty and a deterrent to activity prohibited by Congress. *Mourning v. Family Publications Service*, [411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318] supra. To permit the defendant in a TIL action to utilize the proceedings merely as a forum to state grievances against a debtor-plaintiff would be an incongruous result and clearly prejudicial to the plaintiff's claim. Moreover, it would involve the court in questions of absolutely no federal significance." Id at 1271

The court determined that the defendant's counterclaim was permissive and dismissed it. Id at 1271.

Similarly, in *Zeltzer v. Carte Blanche Corp.*, 414 F.Supp. 1221 (W.D.Pa.1976), the court stated:

"Plaintiff brings this action exclusively under a federal statute, the Truth in Lending Act. At issue is whether Carte Blanche complied with the technical requirements of the Act, and the regulations promulgated thereunder, in terms of disclosure of required credit information in its periodic billings to plaintiff. The outcome would seem to turn upon an interpretation of federal law, as well as upon the resolution of disputed factual issues regarding the disclosures.

Defendant's counterclaim, however, bears no relationship to these matters, but is, rather, a debt collection suit rooted in and governed by state contract law. While the two claims stem from the same underlying business transaction, they involve entirely distinct legal issues: plaintiff's claim concerns the application of the Federal Truth in Lending Act; the counterclaim does not concern the Truth in Lending Act or any other federal law. Moreover, the factual issues are distinct. Plaintiff's claim entails proof of a limited set of facts relating to the nature of the disclosures made by defendant. The counterclaim involves proof of a contract, its validity, the record of payments and plaintiff's default. In these circumstances, where claim and counterclaim lack even a close similarity of factual and legal issues, I find that the respective claims are 'offshoots' of the same basic transaction, but not the 'same basic controversy between the parties,' and that separate trials on each distinct claim will not involve a 'substantial duplication of effort and time by the parties and the courts.' The two claims are thus not logically related in the Court's view of the standard enunciated in *Great Lakes Rubber,* supra. Accordingly, defendant's counterclaim is not compulsory, but permissive; as such, it will be dismissed." Id at 1223, 1224.

While there is some authority contra, the vast weight of authority supports the *Roberts* and *Zeltzer* conclusion that the debt collection action on the consumer loan is not sufficiently linked to the disclosure violations of 15 U.S.C. § 1631 to constitute a compulsory counterclaim. See also, *Herrmann v. Atlantic Richfield Co.,* 72 F.R.D. 182 (W.D.Pa.1976), *Jones v. Sonny Gerber Auto Sales, Inc.,* 71 F.R.D. 695 (D.Neb.1976), *Gammons v. Domestic Loans of Winston-Salem, Inc.,* 423 F.Supp. 819 (M.D.N.Car. 1976), *Agostine v. Sidcon Corp.,* 69 F.R.D. 437 (E.D.Pa.1975), *Ball v. Connecticut Bank and Trust,* 404 F.Supp. 1 (D.Conn.1975).

The thrust of these decisions which have held the claim of the lending institution to be permissive, is that there is in essence two separate and distinct actions. One action, the disclosure violations of 15 U.S.C. § 1631, may properly be litigated in federal courts under 15 U.S.C. § 1640(e). Another action, the debt collection claim on the unpaid balance of the consumer loan, should properly be litigated in state courts, since it is of no federal significance.

Since the claim on the unpaid balance of the consumer loan is a matter more properly litigated in the state court, this Court is of the opinion that the plaintiff should not be deprived of an express federal statutory claim by the failure to assert the federal claim as a counterclaim in a state court action. The statute is clear. Title 15 U.S.C. § 1640 creates a federal cause of action which under § 1640(e) may be litigated in any United States District Court. This federal claim is not contingent upon nor limited by the plaintiff's conduct in prior state court proceeding.

Therefore, this Court now holds that the failure of the plaintiff in this action to raise her federal statutory claim as a counterclaim in a prior state court proceeding initiated by the defendant bank suing upon the unpaid consumer loan does not constitute a bar to her litigating her federal claim under 15 U.S.C. § 1640.

In light of all the foregoing the defendant's Motion to Dismiss must be and is now DENIED.