The plaintiff, Jean Miller, appeals from a summary judgment motion granted on behalf of the defendant, Local Mortgage Company, on the ground that her claim against defendant is barred by the doctrine of res judicata.
Miller entered into an agreement with Anniston Lincoln-Mercury to purchase an automobile. Miller gave a wrap-around mortgage on her real estate to Local Mortgage to finance the payments on her car. Miller originally filed suit in circuit court against Local Mortgage and others, alleging two counts of fraud and misrepresentation, one count of outrage, and one count of a violation of 15 U.S.C. § 1640
(1980), known as the Truth-in-Lending Act. The count alleging a violation of 15 U.S.C. § 1640 included requests for the following relief: (1) a refund of any monies paid to defendants, (2) termination of said transaction, (3) costs and reasonable attorney's fees, and (4) punitive damages. The jury returned a verdict in favor of Miller in the sum of $50,000 for misrepresentation and $500 for defendant's violation of the provisions of the Truth-in-Lending Act.
Local Mortgage then instituted foreclosure proceedings on Miller's property after she discontinued payments on the wrap-around mortgage. Miller was granted a temporary restraining order in circuit court enjoining the said foreclosure, but the order was dismissed upon her failure to post bond. The property was sold on May 27, 1983. Miller then filed an amended complaint claiming that the foreclosure was invalid because of defendant's fraud, misrepresentation, and violation of 15 U.S.C. § 1635. On June 13, 1983 Miller again amended her complaint, alleging that she had rescinded the mortgage to Local Mortgage pursuant to 15 U.S.C. § 1635. The circuit court entered summary judgment for Local Mortgage, ruling that Miller's suit was barred by her prior action.
The dispositive issue of this appeal is whether Miller's action is barred by the doctrine of res judicata because she had earlier sued defendant on a claim arising out of the same transaction.
The application of the doctrine of res judicata so as to bar Miller's subsequent claim requires the following elements:
 "(1) [T]hat the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits."
Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir. 1975).
Both parties concede that the parties in the prior and subsequent suit are substantially the same. Apparently neither party disputes that the elements listed above are satisfied. Miller contends, however, that her present suit is not barred by her prior judgment because she had a continuing right to rescind the loan transaction and because Local Mortgage continued to violate the Truth-in-Lending Act. Cases illustrating the continuing nature of the right to rescind have not addressed whether a prior suit alleging counts of misrepresentation and violation of 15 U.S.C. § 1640 bar a subsequent suit for rescission based on violations of 15 U.S.C. § 1635.See Rudisell v. Fifth Third Bank, 622 F.2d 243 (6th Cir. 1980); Bustamante v. First Federal Savings LoanAssociation, 619 F.2d 360 (5th Cir. 1980); Littlefield v. WaltFlanagan Co., 498 F.2d 1133 (10th Cir. 1974). It appears from the cases cited above that this continuing right of rescission was intended to overcome the required time limitations for rescission and not to bar the application of res judicata. *Page 920 
Several tests have been employed to determine whether a subsequent claim is barred by a prior judgment. The "same evidence" test has often been used for this purpose.
 "The best and perhaps most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action. If this identity of evidence is found, it will make no difference if the form of the two actions is not the same. Whatever be the form of the action, the issue is deemed the same whenever it is supported in both actions by substantially the same evidence. If it be so supported, a judgment in one action is conclusive upon the same issue in any suit, though the cause of action is different."
Reid v. Singer Sewing Machine Co., 218 Ala. 498, 119 So. 229
(1928) (citations omitted).
Both 15 U.S.C. § 1635 and § 1640 require proof of substantially the same evidence; section 1640 provides for civil liability for any nondisclosure by a creditor, and section 1635 provides a rescission action for material nondisclosures. In her complaint in the prior suit, Miller alleged, among other various violations of the Truth-in-Lending Act, 15 U.S.C. § 1640, that Local Mortgage failed to disclose plaintiff's right of rescission. In her subsequent suit Miller asserted that the mortgage was void under 15 U.S.C. § 1635
based on Local Mortgage's disclosure to Miller that she had a right to rescind until May 12, 1981 instead of the correct date, May 13, 1981. Defendant's disclosure of the wrong date could have been raised in Miller's prior suit, particularly since Miller alleged in her prior complaint that Local Mortgage failed to disclose her right of rescission. Miller also could have sought to have the mortgage rescinded under 15 U.S.C. § 1635
in her original suit. In fact, Miller sought to have the entire transaction voided in her prior suit, essentially the same relief that she is seeking in her subsequent suit. Where res judicata elements listed above are present, the prior judgment is a bar to a subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. Gulf American Fire CasualtyCo. v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968). Therefore, under the tests cited above, Miller's claim for rescission in her later suit is barred by her prior judgment.
In a similar case, Stokes v. Twin City Motors, Inc.,490 F. Supp. 742 (D.Ark. 1980), plaintiff brought an action against defendants based on a contract action and a claim of usury in state court. Later plaintiff brought an action in federal court based on Truth-in-Lending violations, 15 U.S.C. § 1640 (e). The district court indicated that although the Truth-in-Lending Act presented a different requested relief than the prior suit much of the same evidence on the same contract would be presented in both actions, and, therefore, held that plaintiff's later suit was barred. See also Restatement (Second) of Judgments § 25 (1982) (illustrating that where plaintiff brings an action for deceit against defendant, and later brings a second action for rescission, such action is barred).
Miller's subsequent suit involves the same subject matter, issues, and evidence as was presented in the former suit between the same parties; therefore, her suit to rescind the mortgage pursuant to 15 U.S.C. § 1635 is barred.
Accordingly, the trial court's grant of summary judgment on behalf of Local Mortgage is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 921