**Harold N. and Barbara Elaine SMITH, husband and wife, Plaintiffs,**

**v.**

**WELLS FARGO CREDIT CORP., et al., Defendants.**

**No. CIV 88–541 PHX PGR.**

United States District Court, D. Arizona.

May 12, 1989.

Brunn W. Roysden, Jr., Phoenix, Ariz., for plaintiffs.

Judith M. Prakel, Phoenix, Ariz., for defendants.

## ORDER

ROSENBLATT, District Judge.

Defendants' motion for summary judgment and plaintiffs' cross-motion for partial summary judgment are pending before the Court. After consideration of the entire record and the oral argument of counsel, the Court finds that the plaintiffs' partial summary judgment motion should be granted because the Court concludes that the plaintiffs have the right to rescind and that res judicata does not bar this action.

The dispute in this lawsuit concerns an alleged statutory right to rescission pursuant to 15 U.S.C. Sec. 1635, a provision of the Truth in Lending Act (TILA). On June 13, 1985, the Smiths obtained a loan from Justice Mortgage Company, Inc. who then assigned the loan to Wells Fargo Credit Corporation. All disclosures required by the TILA were made at the loan closing, and the Smiths at that time signed a disclosure form and a form which was an acknowledgement of notice of right to re-

scind. However, due to a clerical error in the preparation of the loan documents, the amount of the monthly payment noted on the promissory note and disclosure statement was only one-half of the correct amount. The documents otherwise correctly stated the principal amount, the interest rate, the number of payments, the finance charge, and the total amount of payments. The Smiths were notified of the error in a letter dated July 22, 1985 and were asked to sign corrected loan documents and to make the correct monthly payments.

When the Smiths refused to comply with these requests, Wells Fargo and Justice Mortgage filed suit in state court seeking reformation of the contract to reflect the correct monthly payment and a declaratory judgment that they had been entitled to the correct monthly payments from the commencement of the loan. The Smiths responded with a counterclaim against Wells Fargo and a third-party complaint against Justice Mortgage which were based upon common law theories and the TILA provisions dealing with disclosure. The Smiths did not then seek to rescind the contract and the rescission issue was not litigated. The state court entered summary judgment in favor of Wells Fargo and Justice Mortgage and ordered the Smiths to make correct monthly payments, make a balloon payment representing those payments not made during the pendency of the dispute, and pay the attorneys' fees and costs incurred by Wells Fargo and Justice Mortgage, a part of which was a sanction against the attorneys then representing the Smiths.

On March 17, 1988, the Smiths notified Wells Fargo and Justice Mortgage by letter that they were rescinding the loan agreement pursuant to 15 U.S.C. Sec. 1635. On April 5, 1988, the Smiths instituted the instant action against Wells Fargo and Justice Mortgage (hereinafter "Wells Fargo") seeking to enforce their right of rescission.

RESCISSION RIGHT

■ The Court finds no issue of material fact as to the rescission issue. The parties agree that a disclosure form, though incorrect, and an acknowledgement of notice of the right to rescind were reviewed and signed by the Smiths at closing. They agree that Wells Fargo promptly gave notice of the incorrect payment amount. All parties also agree that no new rescission form was provided to the Smiths with the amended disclosure. The disagreement concerns a question of law as to whether the Smiths have a rescission right. Wells Fargo's defense is that no new rescission form is required by either the Truth in Lending Act or Regulation Z. There is no validity to this claim.

In the case of closed-end credit, the material disclosures required of the lender are as follows: annual percentage rate, the finance charge, the amount financed, total of payments, and the payment schedule. TILA Sec. 103(u), 15 U.S.C. Sec. 1602(u). "Payment schedule" is defined as the number, amounts, and timing of payments scheduled to repay the obligation. Reg. Z, 12 C.F.R. Sec. 226.18(g); TILA Sec. 128(a)(6). The payment amount (which was stated incorrectly) on the original disclosure form is considered a "material" disclosure.

The consumer may exercise the right to rescind until midnight of the third business day following the latest of the following events:

1) consummation of the transaction;

2) delivery of notice of the right to rescind, or

3) delivery of all material disclosures.

See TILA Sec. 125(a), 15 U.S.C. Sec. 1635(a)

The consumer has a continuing right to rescind until the creditor provides the rescission notice and also supplies a copy of the TIL disclosure statement with all material information correctly disclosed. National Consumer Law Center, Truth in Lending (1986), para. 6.3.2 at 137.

Technical or minor violations of TILA, or Regulation Z, as well as major violations impose liability on the creditor and entitle the borrower to rescind. *Semar v. Platte Valley Fed. S & L Assoc.*, 791 F.2d 699, 704 (9th Cir.1986) (notice to rescind was in error because it did not list the actual day

of expiration, but said "three business days after July 16").

Congress made it clear that rescission suits are allowed after disclosure suits, and explicitly provided a statutory damages penalty for rescission violations. *Aquino v. Public Finance Consumer Discount Co.* 606 F.Supp 504, 511 (E.D.Pa.1985), based on S.Rep. No. 96–368, reprinted in 1980 U.S.Code Cong. & Admin.News at 236, 267.

If a mathematical error occurs with regard to a material disclosure, the three day rescission period will not commence, and thus the right to rescind will not expire three days later. Indeed, it will not expire until three business days after the correct disclosure is finally provided or until the earlier of three years after consummation. Rohrer, The Law of Truth in Lending (1984) at 8–33.

The rescission form that Wells Fargo had the Smiths sign at closing was not sufficient because the correct date of rescission must be stated. Reg. Z Sec. 226.-23(b); TILA Sec. 125(a, f). To comply with this regulation, Wells Fargo was required to provide new rescission forms with the correct expiration date when the corrected material disclosure was made. Rohrer at 8–43.

There is a continuing right to rescind the transaction when the creditor makes an error regarding a material disclosure on the disclosure statement. *In re Underwood,* 66 B.R. 656 (Bkrtcy.W.D.Va.1986). In the *Underwood* case, the plaintiffs never received rescission forms—not when they initially closed, nor when the new finance charge data arrived. The court said "they would have had a continuing right to rescind the transaction even if they had initially been given copies of the Notice of the Right to Cancel because the defendant failed to make what now appears an admittedly erroneous and material disclosure on the disclosure statement." *Id.* at 662. The court further stated that the Underwoods were entitled to rescind the transaction at any time within three years of the consummation of the transaction unless provided a

statement containing the correct finance charge along with rescission forms. *Id.*

It is apparent that the courts have interpreted the right to rescind as being a continuing one in situations such as this. Here, Wells Fargo stated an incorrect payment amount (a material disclosure), and when the corrected amount was disclosed, they should have provided new rescission forms in compliance with the Truth in Lending Act. Because the Smiths were not given the new forms, they have a continuing right to rescind, within the statute of limitations of three years. 15 U.S.C. Sec. 1635(f).

Several defenses against TILA actions are available to creditors. There are three types of defenses: the TILA itself, common law, and standard procedural and jurisdictional defenses. NCLC at 146. The interpretation of the TILA defenses lies exclusively with the courts; Regulation Z and the Commentary of the Federal Reserve Board do not interpret them. *Id.*

■ As to the right to rescind, Wells Fargo raises the defense of good faith conformity with the FRB rules, regulations, or interpretations. TILA Sec. 130(f), 15 U.S. C. Sec. 1640(f). Under the New Act, the creditor's good-faith conformity is limited to the Regulations and the Commentary which supersede all previous formal and informal FRB staff interpretations, and the defense provides no protection for reliance on court decisions. *Hamilton v. Southern Discount Co.,* 656 F.2d 150 (5th Cir.1981).

A creditor may not merely allege good faith conformity; it must point to the specific regulation, ruling, or interpretation with which it claims conformity. *Valencia v. Anderson Bros. Ford,* 617 F.2d 1278, 1287 (7th Cir.1980), *rev'd on other grounds,* 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981). Wells Fargo relies on the lack of a requirement for a new rescission form in the regulations as its defense, but fails to cite any specific authority to support its position. In this situation, courts have concluded that if a creditor misreads or misconstrues the provision, it is not entitled to the defense, even if the mistake is a reasonable one. *Id.* at 1278

(creditor's mistaken interpretation of Regulation Z, even if honest and reasonable, is not a defense under Sec. 1640(f); see also *Kessler v. Associates Fin. Services Co.,* 573 F.2d 577, 579 (9th Cir.1977).

However, where the provision is ambiguous and the creditor reasonably construes the provision as applying to its act or omission, it may be entitled to the conformity defense. *Charles v. Krauss Co.,* 572 F.2d 544 (5th Cir.1978) (creditor's good faith belief that its contract form complied with the literal language of Sec. 226.801 forms exception provided a good faith defense). A case by case interpretation is required. NCLC at 147.

TILA is not ambiguous with regard to the right to rescind in this instance, and courts have made clear the continuing right to rescind in situations such as these. A new rescission form should have been provided, and Wells Fargo's mistaken interpretation of Regulation Z is not a defense.

*Res Judicata*

■ This appears to be a case of first impression in Arizona as to whether or not res judicata should prohibit the Smiths' suit. Based on decisions in other jurisdictions, the Court concludes that the doctrine of res judicata does not bar this suit.

Whether an earlier judgment bars a later TILA action will depend on exactly what was at issue in the earlier case. NCLC at 162. In general, the normal rules of res judicata will apply and the consumer will not be able to relitigate a TIL claim that has been decided. But federal courts will often characterize the TIL claim as a permissive counterclaim, and thus not barred as a separate action. See *Daughtrey v. First Bank & Trust Co.,* 435 F.Supp. 218 (N.D.Ind.1977) (failure of plaintiff to raise her federal statutory disclosure claim in prior state court proceeding initiated against her by defendant bank did not constitute a bar to litigation of the federal claim). In *Daughtrey,* as in the case before this Court, the defendants unsuccessfully argued that the claim arose out of the same transaction and occurrence that was the subject matter in the state court litigation and that the plaintiff should therefore be barred from pursuing this claim. *Id.* at 219.

Other courts have found these types of claims to be treated as permissive counterclaims. See *Spartan Grain and Mill Co. v. Ayers,* 581 F.2d 419 (5th Cir.1978), *cert. denied.* 444 U.S. 831, 100 S.Ct. 59, 62 L.Ed.2d 39 (1979) (although compulsory status might be considered, the court held that the claim was more appropriately deemed permissive; the TILA claim involved entirely separate questions of law and fact); *Zeltzer v. Carte Blanche Corp.* 414 F.Supp. 1221 (W.D.Pa.1976) (while the two claims stem from the same underlying business transaction, they involve entirely distinct legal issues, and thus the court found the claim to be permissive), *Roberts v. National School of Radio and Television Broadcasting.* 374 F.Supp. 1266 (N.D.Ga.1974) (though claims arose from same transaction in the sense that each party sued over the obligations on the note, the defendant's counterclaim was grounded in state law and a private duty and therefore the court found the counterclaim permissive).

The difference between the cases cited and the instant case is the fact that the plaintiff had already raised a TILA disclosure defense in the state court action, along with various state law claims. The question then is whether all possible TILA claims must be raised in the initial action or be forever barred by the merger doctrine (res judicata). If that is so, then any claim of a TILA nature would be deemed compulsory, and a claimant would be barred from raising a future TILA claim once the initial action has concluded. To a certain extent that may be true. Had the Smiths alleged Wells Fargo's failure to provide a new right to rescind in the state court action, then res judicata could have barred this action. See *Miller v. Local Mortgage Company,* 459 So.2d 918, 920 (Ala.Civ.App. 1984) (defendant's disclosure of wrong date could have been raised in plaintiff's prior suit because plaintiff had alleged in prior suit that defendant failed to disclose her right to rescind; prior judgment was therefore a bar to subsequent suit on the same

cause of action). The Smiths' rescission right was not raised or litigated in the state action, thus the reasoning in *Miller* does not apply.

The case most directly applicable to the instant case is *Laubach v. Fidelity Consumer Discount Company*, 77 B.R. 483 (Bkrtcy.E.D.Pa.1987). The court in *Laubach* held that rescission-based claims were not barred by res judicata even though a debtor had previously filed successful federal action against the lender under TILA. The first action challenged violations of TILA disclosures (no rescission issues were raised), yet the court held that there was no merger effect on the subsequent action to enforce rescission of the contract. The *Laubach* case involved several different claims, and the court held that those claims which related to disclosure issues were barred by the doctrine of res judicata because they had been raised in the prior action. "We hold that all of the claims arising out of a single financial transaction must be raised in a single action, or they will be barred by merger. However, we do not believe that claims arising out of a subsequent purported rescission of the financial transaction are barred." *Id.* at 484.

The court in *Laubach* determined that the rescission issue was a new cause of action, and because the rescission was not a part of the state court action, the plaintiff was allowed to proceed in federal court. *Laubach* also relied on a district court opinion which concluded that an action challenging violations of requisite TILA disclosures in a financing contract had no merger effect on a subsequent action to enforce a rescission of the contract. *Aquino v. Public Finance Consumer Discount Company*, 606 F.Supp 504, 510 (E.D.Pa.1985) cited at 489. "To prevent a later recovery for a rescission violation would undercut the penalty Congress clearly decided to impose." *Id.* at 511.

Although the Ninth Circuit has not dealt directly with this issue, there is reason to believe that the Pennsylvania court's position would be adopted. In a Ninth Circuit case, a district court had not allowed a prisoner to raise a claim in federal court

based on the doctrine of res judicata. *Piatt v. MacDougall*, 773 F.2d 1032 (9th Cir.1985) The federal cause of action (which was similar to the state law claim that had been litigated) had never been addressed in the state court action. The federal court of appeals reversed, stating that the legal theories of the claim were different under federal law than they were under state law. The court used the following test: "The claims themselves have distinguishable elements from the cause of action that was litigated in state court, and the evidentiary facts necessary to prove the claim were distinct from those presented in state court." *Id.* at 1035.

Using the test set forth by the 9th Circuit in the instant case, the cause of action based on the TILA-based rescission right has elements distinguishable from the elements of the cause of action of TILA-based disclosure, and the evidentiary facts would be different from those involved in the initial state court action. Based on this reasoning, and on the holding in *Laubach*, that the rescission-based claims are not barred by res judicata, the Court holds that the Smiths' rescission cause of action is not barred by res judicata.

A party should not be entitled to a second lawsuit just because he states a new theory of recovery. Res judicata is not a procedural technicality, but rather a doctrine developed to prevent repetitive and unnecessary litigation, and is designed to effect the sound public policy of putting an end to litigation. See *Laubach* at 489–90. But the res judicata doctrine is viewed in a different light when the right to rescission is involved because this right has a substantive quality. See *Laubach* at 489.90; *Aquino* at 511; see also Rohner, para. 8.01(2) at 8–3:

The right of recision was a curious addition to the TIL act, which is basically a disclosure statute. The act does not generally create substantive rights with respect to terms, but only a right to receive disclosure about the terms. The right to rescind is a major exception to this basic principle because the federal statute both creates the substantive

right and then requires disclosure about it. Further, the right of rescission is more akin to a unilateral right to cancel, than to rescission in the traditional equity sense. But with the unique requirements of the TIL act, and in the hands of courts exercising broad remedial powers, the TIL rescission rules sometimes produce strange results, occasionally amounting to a forfeiture that puts one party far ahead of status quo.

A compulsory counterclaim arises when it involves the same essential facts and law as the principle claim, and the final judgment in that action bars or merges all claims that could have been raised on those facts. 6 Wright & Miller, Fed.Practice and Procedure: Civil Sec. 1417 (1971). Though the facts may be the same, the Court concludes that the legal issue of rescission is a new cause of action which was not litigated in the state court.

*Damages.*

Because this is only a partial summary judgment, the Court does not rule on the issue of damages. But the Court, in its equitable authority, could find that the Smiths are bound by the judgment imposed by the state court for attorney fees. The courts have more discretion under the statute to frame appropriate remedies. "The procedures prescribed by this subsection shall apply except when otherwise ordered by the court." 15 U.S.C. Sec. 1635(b). Wells Fargo argues that the right to rescind is itself governed by equitable principles. This is clearly wrong. Under TILA, the right of rescission is granted by statute, but application of the remedy is governed by equitable principles. *Brown v. National Permanent Federal S & L Assoc.,* 683 F.2d 444 (D.C.1982) (court found rescission under the Act may be conditioned on return by debtor of any money or property before creditor acts, contrary to strict wording of the act.) TILA expressly allows the courts to alter certain TIL rescission procedures. See last sentence of 15 U.S.C. Sec. 1635(b). Congressional intent is clear: "The committee expects that the courts, at any time during the rescission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required under the act." S.Rep. No. 358, 98th Cong., 2d Sess. at 29.

Even though this Court has the equitable authority to determine that the Smiths are bound to the state-court-imposed obligation to pay the attorney fees, it declines to do so. Nothing in this opinion is to be construed as a decision regarding damages to be paid by either party, nor is it to be construed as an interference with the state court judgment. Therefore,

IT IS ORDERED that defendants' Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that plaintiffs' Motion for Partial Summary Judgment is granted, and that the issue of damages remains to be litigated.

IT IS FURTHER ORDERED that the parties shall comply with Local Rule 42(C) in all respects no later than July 12, 1989.