TACHA, District Judge.,
dissenting:
Today the majority reverses a default judgment, granted only after defendants failed to satisfy certain conditions imposed by the district court, on the unwarranted ground that the district court did not properly determine its jurisdiction before granting the motion for entry of default. In my view, the district court adequately resolved the jurisdictional issue before entering a default judgment. Equally troubling, the majority holds that a district court, faced with a defendant’s willful refusal to timely file a responsive pleading, is not free to impose conditions that are designed to mitigate prejudice to the nondefaulting plaintiff. This is so even though the conditions primarily benefit the defendant by allowing the defendant to enter the litigation and avoid the harsh consequences of a default judgment. Because I disagree with both of the majority’s conclusions, I respectfully dissent.
I
In Williams, 802 F.2d at 1203, we held that before entering a default judgment, a court has “an affirmative duty to look into its jurisdiction both over the subject matter and the parties.” I am satisfied that the district court adequately performed that duty in this case. In its November 30, 1994 order granting plaintiff’s motion for judgment by default, the district court demonstrated that it considered the question of personal jurisdiction *776 and concluded that the requirements for personal jurisdiction had been met.
In the order, the district court denied defendants’ motion to dismiss for lack of personal jurisdiction, stating that “[W]e conditioned our consideration of defendants’ Motion to Dismiss on defendants’ compliance with certain conditions ... and [defendants have] failed to comply with those conditions.” Applt.App., at 254-55. More importantly for our analysis, the court then stated, “Moreover, the motion itself appears to be without merit.” Id. at 255. Immediately following this statement, the court cited two of its own prior decisions in which the court concluded that the plaintiff satisfied its burden of making a prima facie showing of personal jurisdiction. Not coincidentally, these cases involved situations virtually identical to this case: a Canadian defendant entered into a contract to be performed in whole or in part in Kansas. Id. (citing Serrano, Inc., v. SLM Int'l, Inc., No. 93-2468-EEO, 1994 WL 68510 (D.Kan., Feb.18, 1994); Carrothers Constr. Co. v. Quality Serv. & Supply, Inc., 586 F.Supp. 134 (D.Kan.1984)). In addition, the parties fully briefed the question of personal jurisdiction, and the court stated it had “examined the parties’ submissions.” AppltApp., at 250. Under these circumstances, I would conclude that the court adequately performed its duty of determining its jurisdiction before granting the motion for entry of default.
In concluding that the district court failed to determine its jurisdiction, the majority states that the court’s order “made no reference to the facts and evidence before the judge on long-arm jurisdiction and no findings thereon.” Maj. op., at 772-73. While I agree that a fuller and perhaps clearer statement of the district court’s conclusion would have been helpful, I do not agree that the lack of such a statement is fatal under Williams. The district court’s November 30, 1994 order clearly demonstrates that the court “look[ed] into [its] jurisdiction” and “determine[d] that it ha[d] the power” to enter a default judgment. Williams, 802 F.2d at 1202-03. Williams does not require more, especially when the question of personal jurisdiction is frivolous and not substantial, as was the case here. By virtue of their purposeful contacts with the forum state, defendant Pack-Tech International and its sister company, defendant Sunflower Technologies, clearly fall within the reach of the Kansas long-arm statute, and the district court’s exercise of jurisdiction over the two companies is consistent with the constitutional requirements of due process.
The majority makes much of the fact that the district court refused to consider defendants’ motion to dismiss for lack of personal jurisdiction because defendants failed to satisfy the conditions imposed by the court. But under Williams, as long as the district court at some point resolved the question of personal jurisdiction before entering a default judgment, the court’s refusal to consider defendants’ motion to dismiss is irrelevant, and the entry of default judgment should be affirmed absent an abuse of discretion.
II
I also disagree that the district court abused its discretion by placing conditions on defendants that went beyond “preserving existing conditions pending a decision upon its own jurisdiction.” United States v. United Mine Workers, 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91 L.Ed. 884 (1947). Apparently, the majority concludes that because the district court had not determined its jurisdiction over defendants when it imposed the conditions, the court was not free at that time to impose the type of “imaginative and flexible” conditions that are recognized as within the power of a court to grant relief from a default judgment under Federal Rules of Civil Procedure 55(c) and 60(b). See 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, Civil 2d § 2700, at 539 (1983). The district court erred, the majority concludes, because the conditions the court imposed “went far beyond preserving the status quo.” Maj. op., at 774.
I disagree that the conditions imposed by the district court in this situation should be limited, under the standard of United Mine Workers, 330 U.S. at 290, 67 S.Ct. at 694, to *777 “preserving existing conditions.” Rather, the appropriate standard for placing conditions on denying or vacating entry of default is whether the conditions, in the discretion of the trial court, are necessary “to rectify any prejudice suffered by the nondefaulting party as a result of the default and the subsequent reopening of the litigation.” 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, Civil 2d § 2700, at 538 (1983); see Littlefield v. Walt Flanagan & Co., 498 F.2d 1133, 1136 (10th Cir.1974) (“The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead.”).
The majority erroneously applies the standard of United Mine Workers for several reasons. First, in United Mine Workers, the defendant properly challenged the court’s jurisdiction. In this ease, defendants failed to file their motion to dismiss for lack of personal jurisdiction within the time period for filing a responsive pleading. Second, because the defendants in United Mine Workers properly challenged the court’s jurisdiction, United Mine Workers did not involve a defaulting defendant or the imposition of conditions on the court’s denial of entry of default. Instead, it involved a trial court’s issuance of preliminary orders under the rubric of a court’s “jurisdiction to determine jurisdiction.” See id. Finally, in United Mine Workers failure to follow the court’s orders was punishable by criminal contempt. Id. at 293, 67 S.Ct. at 695-96. In this case by contrast, defendants were free to choose whether to satisfy the conditions imposed by the district court and could not be punished beyond the court’s entry of default. The district court, of course, could have entered a default judgment against defendants the moment they failed to file a responsive pleading. This demonstrates that defendants were in no way prejudiced by the imposition of the conditions.
Although the power of a district court to issue preliminary orders under the exercise of its “jurisdiction to determine jurisdiction” is limited to issuing orders that preserve the status quo, United Mine Workers, 330 U.S. at 290, 67 S.Ct. at 694, a court’s power to impose conditions on the denial of entry of default has never been so limited. In my view, this is so because the concerns that caused the Supreme Court to limit a court’s power in United Mine Workers simply are not present in the ease before us. The majority does not explain why the imposition of conditions on the denial of entry of default should be treated the same as the issuance of orders enforceable by criminal contempt.
In this case, defendants failed to comply with the federal rules and file an appropriate challenge to the district court’s jurisdiction within the time period for filing a responsive pleading. As the district court concluded, the letter from Canadian counsel failed to satisfy the requirements of Federal Rule of Civil Procedure 7(b) and the Local Rules of the District Court. Further, the text of the letter makes clear that defendants were on notice of the action and were acting in disregard of the authority of the court. The district court went out of its way to try to avoid a default judgment. To protect plaintiff from defendants’ delay and ultimate default, the district court conditioned its denial of entry of default on defendants’ performance of certain conditions. After eventually concluding that entry of default was appropriate given defendants’ willful failure to satisfy the conditions imposed, the court performed the necessary task of looking into its jurisdiction before granting the default judgment.
In this situation, where a district court imposes conditions on the entry of default and such conditions are clearly designed to mitigate prejudice to the nondefaulting plaintiff while at the same time allowing the defendant to avoid a default judgment, appellate review should be limited to determining whether the conditions are arbitrary or an abuse of discretion. See 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, Civil 2d § 2700, at 540 (1983). The district courts are in the trenches and are best informed about the facts and equities of the case before them. As such, they are best able to assess the prejudice faced by a nondefaulting plaintiff and to fashion conditions to protect the *778 plaintiff, while allowing eases to be heard on the merits. Because the majority’s approach unduly restricts the power of district courts to accomplish this purpose, I respectfully dissent. I would affirm the order of the district court.