**In re Sharon A. FOX, Debtor.**

**Lauren A. Helbling, Trustee, Plaintiff,**

v.

**Sharon A. Fox, et al., Defendants.**

Bankruptcy No. 07–15914.
Adversary No. 08–01010.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

July 30, 2008.

Joanne Brown, Cleveland, OH, for Plaintiff.

Sharon A. Fox, pro se.

Jason H. Meyer, John C. Scott, Faulkner & Tepe LLP, Cincinnati, OH, for Defendants.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Before this Court is the motion of Defendant, Guaranteed Rate, Inc. ("Guaranteed Rate") for Summary Judgment. The assigned trustee (the "Trustee") objects to such relief. This Court has core matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2), 28 U.S.C. § 1334 and General Order No. 84 of the District. Upon consideration of the parties submissions, including oral argument, the following findings of fact and conclusions of law are hereby rendered.

\*

On August 6, 2007 (the "Petition Date"), Sharon Fox (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). This adversary proceeding commenced on January 9, 2008 when the Trustee filed a complaint (the "Complaint") against Guaranteed Rate and Debtor Sharon Fox for Violation of Federal Truth in Lending Act ("TILA") as property of the bankruptcy estate under 11 U.S.C. § 541.

Prepetition, on October 6, 2005, Guaranteed Rate and the Debtor entered into a Mortgage Contract to refinance the mortgage on her personal residence for $91,000.00. While it is undisputed that closing occurred on this date, the parties dispute whether Guaranteed Rate delivered two copies of a Notice of Right to Cancel to Ms. Fox at closing as required by 15 U.S.C. § 1635(a) of TILA and 12 C.F.R. § 226.15(b) of Regulation Z. Subsequently, in a letter dated December 14, 2005, a representative of Guaranteed Rate wrote "Per our record it appears that you did not receive the 3 day rescission period" and enclosed a copy of a Notice of Right to Cancel along with an Acknowledgment of Receipt of the Notice of Right to Cancel for the Debtor to sign and date. Upon receipt of the December 14, 2005 letter and enclosures, the Debtor indicated her intent to rescind the transaction by signing the enclosed Notice of Right to Cancel and returned this form to Guaranteed Rate by certified mail dated December 21, 2005.

Since December 21, 2005, Guaranteed Rate has not responded to Debtor's attempt to rescind the transaction by terminating its security interest in her home,

and the Debtor has not tendered the proceeds of the loan back to Guaranteed Rate. Specifically, Guaranteed Rate refuses to release its security interest in Ms. Fox's home until she tenders back the loan proceeds, and Ms. Fox has indicated her inability to repay the proceeds of the loan to Guaranteed Rate.

The Debtor stopped making payments on the loan from Guaranteed Rate after making one payment in December of 2005, and on January 26, 2007 Guaranteed Rate instituted a foreclosure action against her in the Cuyahoga County Court of Common Pleas. This foreclosure action was stayed by the bankruptcy filing.

\* \*

Guaranteed Rate contends that the Trustee's adversary complaint is barred by the one year statute of limitations provided for a violation of TILA. It argues that even assuming arguendo that it had violated TILA by failing to provide the Debtor with a Notice of Right to Cancel at closing on October 5, 2005 and refusing to honor the Debtor's attempted recession within twenty days of her notice, the one year statute of limitations governing claims based on a creditor's violation of TILA had expired long before Trustee filed her adversary complaint on January 10, 2008.

Second, Guaranteed Rate contends that summary judgment is warranted as a matter of law because it had no obligation to honor the Debtor's right to rescind the mortgage contract by releasing their security interest when she had no intention or ability to return the $91,000 she borrowed. In support, Guaranteed Rate states that rescission is an equitable doctrine to return parties to their positions as if the transaction had not occurred. Thus, with Ms. Fox unable to tender the proceeds of her loan back to it, Guaranteed Rate argues that merely asserting the right to cancel her loan does not constitute rescission.

Lastly, Guaranteed Rate contends that any alleged error in providing required TILA disclosures to the Debtor would have been unintentional, such that Plaintiff's allegations are barred by the bona fide error defense under 15 U.S.C. § 1640(c).

The Trustee opposes each of Guaranteed Rate's contentions. First, the Trustee contends that her TILA claims are not barred by the one year statute of limitations stated in 15 U.S.C. 1640 because this limitation "does not bar a person from asserting a violation of this title (15 U.S.C.S. § 1601 et seq.) in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment," pursuant to 15 U.S.C. § 1640(e). Second, the Trustee argues that the plain language of 15 U.S.C. § 1635(b) does not condition the borrower's right to rescind on the tender of loan proceeds but rather indicates that a creditor's security interest is rendered void as a matter of law upon a borrower's timely submission of a Notice of Rescission. Lastly, the Trustee asserts that the bona fide error defense under 15 U.S.C. § 1640(c) is only available for clerical errors and Guaranteed Rate's alleged failure to deliver the required Notice of Right to Cancel to Ms. Fox at closing, whether intentional or not, constitutes a material violation of the requirements of TILA and Regulation Z that extended Ms. Fox's right of rescission for up to three years pursuant to 15 U.S.C. § 1635(f).

\* \* \*

The issue before this Court is whether there exists genuine issues of material fact in dispute to warrant a grant of summary judgment.

\* \* \* \*

Federal Rule of Civil Procedure 56 provides for summary judgment and states that summary judgment shall be rendered to a party on a showing that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed.R.Civ.P. 56(c)*. Federal Rule of Civil Procedure 56 is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056. *Fed. R. Bankr.P. 7056*.

Summary judgment is appropriate where there is no genuine issue as to any material fact. *See Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056; Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the non-movant to establish the existence of a material fact. *Id.*

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A genuine issue for trial exists when there is "sufficient evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986).

▪ The Truth in Lending Act was enacted by Congress to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *15 U.S.C. § 1601(a)*. In order to be meaningful, "TILA achieves its remedial goals by a system of strict liability in favor of the consumers when mandated disclosures have not been made. . . . A creditor who fails to comply with TILA in any respect is liable to the consumer under the statute regardless of the nature of the violation or the creditor's intent." *Smith v. Fidelity Consumer Discount Co.*, 898 F.2d 896, 898 (3d Cir.1990). TILA is codified at 15 U.S.C. §§ 1601–1693 and its provisions are implemented by Title 12 of the Code of Federal Regulations Part 226 known as Regulation Z. TILA and Regulation Z provide for specific rights, requirements and remedies for transactions between consumers and lenders that create a security interest in the consumer's personal residence. *15 U.S.C. § 1635; 12 CFR 226*. Pertinent to the present matter, TILA requires disclosure of the right to rescind. *15 U.S.C. § 1635*. TILA provides for rescission on secured transactions for consumer credit as follows:

### *§ 1635. Right of rescission as to certain transactions*

(a) Disclosure of obligor's right to rescind. Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section to-

gether with a statement containing the material disclosures required under this title [15 USCS §§ 1601 et seq.], whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

(b) Return of money or property following rescission. When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

(c) Rebuttable presumption of delivery of required disclosures. Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this title [15 USCS §§ 1601 et seq.] by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

(d) Modification and waiver of rights. The Board may, if it finds that such action is necessary in order to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of any rights created under this section to the extent and under the circumstances set forth in those regulations.

(e) Exempted transactions [1]; reapplication of provisions. This section does not apply to—

(1) a residential mortgage transaction as defined in section 103(w) [15 USCS § 1602(w)];

(2) a transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid

---

**1.** It is undisputed that the subject transaction is not exempted from the right of rescission because the loan was not a loan for a new home construction (i.e. "residential mortgage transaction"), not a refinanced or consolidated mortgage from the same lender, not a transaction where a State agency is the creditor and not advances under a preexisting open end credit plan.

finance charges of an existing extension of credit by the same creditor secured by an interest in the same property;

(3) a transaction in which an agency of a State is the creditor; or

(4) advances under a preexisting open end credit plan if a security interest has already been retained or acquired and such ·advances are in accordance with a previously established credit limit for such plan.

(f) Time limit for exercise of right. An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter [15 USCS §§ 1631 et seq.] have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this title [15 USCS § § 1601 et seq.] institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of section 125 [this section] and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

*Id.*

Regulation Z describes the required elements of the disclosure.

(b) *Notice of right to rescind.* In any transaction or occurrence subject to rescission, a creditor shall deliver two cop-

ies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered in electronic form in accordance with the consumer consent and other applicable provisions of the E–Sign Act). The notice shall identify the transaction or occurrence and clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind, as described in paragraph (a)(1) of this section.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires.

*12 CFR 226.15.*

\* \* \* \* \*

 The Complaint alleges that Guaranteed Rate violated 15 USC § 1635 of TILA and 12 CFR 226.15(b) of Regulation Z by failing to deliver two copies of a Notice of Right to Cancel to the Debtor at the time of the loan closing on October 5, 2005. The Complaint also alleges that Guaranteed Rate violated TILA for failing to honor the Debtor's December 21, 2005 request for rescission within 20 days of receipt of her notice of rescission by taking "any action necessary or appropriate to reflect the termination of any security interest created under the transaction". *15 USC § 1635(b).* The 20 day action period would have concluded on January 10, 2006. TILA's one year statute of limitations on statutory damages claims runs "from the date of the occurrence of the violation".

*15 USC § 1640(e); see also Quenzer v. Advanta Mortg. Corp. USA (In re Quenzer),* 2005 Bankr.Lexis 2627 (Bankr.D.Kan. 2005). Therefore, an action brought for a violation of TILA herein needed to be made no later than October 5, 2006 for the first allegation and January 10, 2007 for the second allegation. It is undisputed that the Trustee filed her adversary complaint against Guaranteed Rate on January 9, 2008, which is beyond the one year statute of limitations for statutory damages arising from a TILA violation. Thus, the Trustee's claims for statutory damages are barred by the one year statute of limitations.

■ Although the Trustee's claims for statutory damages are barred by the one year statute of limitations, her claim to enforce rescission remains viable. As the Sixth Circuit Court of Appeals noted in *June McCoy v. Harriman Utility Board,* 790 F.2d 493 (6th Cir.1986), the one year statute of limitations of "Section 1640(e) bars only plaintiff's suit for damages under TILA, and not her asserted cause of action for rescission pursuant to 15 U.S.C. § 1635. Under § 1635, if the defined disclosures are made, the obligor has three days to rescind a credit transaction; if defined disclosures are not made, the obligor has a right to rescind up to three years after consummation of the transaction pursuant to 15 U.S.C. § 1635(f)." *June McCoy v. Harriman Utility Board,* 790 F.2d 493, 496 (6th Cir.1986) *citing Rudisell v. Fifth Third Bank,* 622 F.2d 243, 246–48 (6th Cir.1980); *Littlefield v. Walt Flanagan & Co.,* 498 F.2d 1133, 1136 (10th Cir.1974). Thus, a debtor may possess a right to rescind even though his claim for damages is barred by the statute of limitations in 15 U.S.C. § 1640(e). *Rudisell,* 622 F.2d at 248. Ms. Fox mailed her Notice of Right to Cancel by certified mail dated December 21, 2005, which was within three years of all relevant dates. Accordingly, the Trustee's claim to enforce Ms. Fox's rescission is not barred by a one-year statute of limitation and may proceed to trial.

■ In concluding that this matter may proceed to trial, this Court finds that a genuine issue of material fact exists as to whether Ms. Fox was provided two copies of the Notice of Right to Cancel as required by TILA at the time of closing. This issue is material because the Trustee's claim to enforce rescission pursuant to § 1635(f) of TILA is being made pursuant to an alleged TILA violation that Guaranteed Rate failed to provide the required disclosures at closing. Although the statutory damages for this alleged TILA violation are barred by the one year statute of limitations, the Complaint was filed within the three year period to enforce rescission from the time of closing.

\* \* \* \* \* \*

Accordingly, Guaranteed Rate's motion for summary judgment is hereby granted, in part, and denied, in part, as determined herein. Each party is to bear its respective costs.

**IT IS SO ORDERED.**