Jeanette WHITE and Johnny Tinsley, Plaintiffs-Appellees Cross-Appellants,

v.

WORLD FINANCE OF MERIDIAN, INC., Defendant-Appellant Cross-Appellee.

No. 80–3819
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 7, 1981.

Robert Dreyfus, Jr., Meridian, Miss., for World Finance of Meridian, Inc.

Beauchamp Jones, East Miss. Legal Services, Meridian, Miss., for White and Tinsley.

Before BROWN, POLITZ and TATE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

*Two Suits*

White and Tinsley (Borrowers) filed suit against World Finance of Meridian, Inc. (Lender) in District Court in Mississippi alleging various truth-in-lending violations under 15 U.S.C.A. § 1639 [1] and implementing Regulation Z. Each claimant sought statutory damages in the amount of twice the finance charge up to $1,000 plus reason-

1. § 1639. Consumer loans not under open end credit plans—Required disclosures by creditor

(a) Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall disclose each of the following items, to the extent applicable:

(1) The amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf.

(2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge.

(3) The total amount to be financed (the sum of the amounts referred to in paragraph (1) plus the amounts referred to in paragraph (2)).

(4) Except in the case of a loan secured by a first lien on a dwelling and made to finance the purchase of that dwelling, the amount of the finance charge.

(5) The finance charge expressed as an annual percentage rate except in the case of a finance charge

(A) which does not exceed $5 and is applicable to an extension of consumer credit not exceeding $75, or

(B) which does not exceed $7.50 and is applicable to an extension of consumer credit exceeding $75.

A creditor may not divide an extension of credit into two or more transactions to avoid the disclosure of an annual percentage rate pursuant to this paragraph.

(6) The number, amount, and the due dates or periods of payments scheduled to repay the indebtedness.

(7) The default, delinquency, or similar charges payable in the event of late payments.

(8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates.

able attorney fees. The alleged violations arose out of the execution of a note by White and Tinsley jointly in the amount of $629.28 to World Finance.[2] When Borrowers defaulted on the note, Lender filed suit for collection in a Mississippi County Court under the Small Loan Regulatory Act, Miss. Code Ann. § 75–67–117 (Supp.1980). Borrowers counterclaimed alleging various loan violations under Mississippi law.[3] That Court dismissed the case with prejudice finding that Lender had violated several Mississippi statutes. *See* note 3, *supra*. In the present action, Lender denied Borrowers' allegations and moved for summary judgment by interposing a plea of res judicata based on this Mississippi County Court judgment for collection on the note.[4] On September 25, 1980, the Court overruled Lender's motion for summary judgment and awarded Borrowers a *total* of $377.90 in

damages plus $250.90 in attorney fees. Both parties were dissatisfied with the judgment and filed notices of appeal. Now before this Court, Lender seeks a resolution of the res judicata issue while Borrowers seek an additional recovery of $377.90 which would represent what was originally prayed for—twice the finance charge for *each* plaintiff. *See* note 2, *supra*.

For the following reasons, we affirm the Court's ruling precluding the application of res judicata, but reverse as to the recovery award, granting instead, the statutory recovery allowed to *each* Borrower.

## Two Causes Of Action

"Under federal law, a prior suit which concluded with a final judgment on the merits rendered by a Court of competent

---

2. The complaint, in part, alleges the following violations:

A. The disclosure of the defendant's security interest in the identified collateral was unclear and inadequate and it failed to disclose that the security interest in the after-acquired property was limited to property acquired within ten (10) days of the date of the loan. Further, it failed to disclose that no security interest was retained in consumer goods acquired after the ten day period, as provided in the Uniform Commercial Code of the State of Mississippi, § 75–9–204(2), Mississippi Code Annotated, (1972).

B. That disclosure of the security interest retained by the defendant and the disclosure that the collateral identified would also be encumbered by future obligation of the plaintiff to the defendant were unclear and inadequate to enable plaintiff to compare defendant's terms with those available from other sources of credit and to enable plaintiff to avoid the uninformed use of credit. That the disclosure of security interest in the security agreement of same date ... [does] not agree with the description of the security interest [in the Federal Disclosure Statement-Note-Loan Statement]. That in truth and in fact, the plaintiffs, or neither of them owned any of the items described with the exception of the bed, mattress and box springs, chest, and television. That the description of security ... [was] so inadequate, misleading, confusing and in fact bogus so as to violate both the Act and Regulation Z and to prohibit the debtor from making an informed use of credit based on clear and adequate information.

C. The disclosure statement understated the finance charge and annual percentage rate by failing to fully identify specifically

those charges described as recording fees. Security agreement and disclosure statement do not agree as to the filing and cancellation cost of U.C.C. documents associated with this loan. Because there is no agreement between the two documents [Security Agreement and Federal Disclosure Statement], the term "recording fees" as used on [the latter document] is confusing, misleading, and in fact understated, all in violation of the Act and Regulation Z.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiffs pray that the court will grant them the following relief:

\* \* \* \* \* \*

B. That judgment be entered in favor of each plaintiff ... in an amount twice the finance charge for each transaction, up to $1,000 per transaction maximum.

C. That plaintiffs be awarded reasonable attorney's fees as provided for under § 130 of the Act.

3. Borrowers' counterclaim and motion to dismiss specifically alleged violations of (i) Miss. Code Ann. § 75–67–121 (1972), charging a sum which was not the lesser of the value of the property insured or the total of payments, (ii) Miss.Code Ann. § 75–67–127(2)(b) leaving blanks on any instrument after the loan is made.

4. Consumer-Borrowers had borrowed $629.28 from Lender which we find constituted an extension of credit to invoke the Truth and Lending Act.

jurisdiction acts as an absolute bar [res judicata] to a subsequent action between the same parties on the same action." *Commercial Box and Lumber v. Uniroyal Inc.*, 623 F.2d 371, 373 (5th Cir. 1980).

■ Res judicata actually comprises two doctrines concerning the preclusive effect of a prior adjudication.[5] The first is "claim preclusion", or "true res judicata", the effect of which extends to the litigation of all issues relevant to the same claim or cause of action between the same parties whether or not raised at trial. *Garner v. Giarrusso*, 571 F.2d 1330 (5th Cir. 1978); *International Assoc. of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 131 (5th Cir. 1975). Clearly, the purpose of claim preclusion is to avoid multiple suits on identical entitlements or obligations between the same parties. *Kasper Wire Works, Inc. v. Leco Engineering & Mach.*, 575 F.2d 530 (5th Cir. 1978). Accordingly, the principal test recognized by this Court for comparing causes of action is whether the primary right and duty or wrong are the same in each action. *Kemp v. Birmingham News, Co.*, 608 F.2d 1049, 1052 (5th Cir. 1979), *citing Stevenson v. International Paper Co.*, 516 F.2d 103, 109 (5th Cir. 1975). It has also been said that it is the substance of the actions that must be compared and not their form. *Astron Industrial Associations, Inc. v. Chrystal Motors Corp.*, 405 F.2d 958, 961 (5th Cir. 1968).

In the present case there is no question that the same parties were involved in the suit in county court which is a court of competent jurisdiction and which suit resulted in a final judgment. The question then becomes whether the cause of action in the county court raised in Borrowers' counterclaim was in essence the same cause of action that now appears in this Court.

Lender relies heavily on the argument that the "substance" of 15 U.S.C.A. § 1639 and Miss.Code Ann. § 75–67–127 (*see* notes 1 and 4, *supra* ) is the same—to regulate disclosures. If so, it necessarily would follow that an action brought under the state

statute is the same cause of action as one brought under the federal statute. We disagree with Lender's conclusion.

In discussing this identity of state and federal causes of action, the Fourth Circuit observed:

> The identity of two actions ... will not be destroyed in the res judicata context simply because the two suits are based on different statutes. ... Nor will the rule be any different because a state statute is the authority for one action and a federal statute for the other when the two statutes afford the same right or interdict the same wrong. *Nash County Board of Education v. The Biltmore Co., et al.*, 1980–81 Trade Reg.Rep. (CCH) ¶ 63,715 (Jan. 12, 1981).

■ Although the primary right and duty in both statutes in the case at hand is identical in that they require disclosures, the nature and extent of those disclosures and the remedies afforded for nondisclosure are distinct and different. For example, the action which was brought in county court in the present case was for a collection on a note. Seeking protection from a collection law suit, Borrowers counterclaimed with a defense that blanks were left on the loan statement in violation of Miss.Code Ann. § 75–67–127(2)(b). The Court found that Lender had violated that section as well as others. *See* note 3, *supra.* By comparison, the present action under review seeks relief pursuant to 15 U.S.C.A. § 1640 (Truth-In-Lending Act—TILA), which establishes damages as a matter of law for violations, particularly that portion of the security interest dealing with after acquired property. *See* note 4, *supra.* Although this is a specific violation of the TILA, *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir. 1970), it is not an express violation of Miss.Code Ann. § 75–67–127. Therefore, the violations or wrongs sued for under TILA are different than those addressed in the county court under the Small Loan Regulatory Act, and thus constitute two separate causes of action.

---

5. This Court has acknowledged that the term "res judicata" is now sweepingly used to incorporate both true res judicata and collateral estoppel. *Kasper Wire Works, Inc. v. Leco Engineering & Mach., Inc.*, 575 F.2d 530, 535–36 (5th Cir. 1978).

■ Lender argues in the alternative that if these actions are two separate causes of action, Borrowers should have raised the federal TILA claim in the County Court. This Court has addressed the opposite procedural posture in *Plant v. Blazer Financial Services, Inc. of Ga.*, 598 F.2d 1357 (5th Cir. 1979). There, we held in a federal TILA suit that default on the underlying debt was a compulsory counterclaim. Although the Court did not expressly find the converse to be true, it did refer to a Florida District Court opinion, *Drew v. Flagship First Nat. Bank of Titusville*, 448 F.Supp. 434 (M.D.Fla.1977), which does present the identical procedural situation as in our case. That Court rejected the defendant/creditor's assertion that the debtor should have brought its truth-in-lending claim as a compulsory counterclaim in an earlier state debt action, stating:

> [A]n analysis of the state debt and truth-in-lending actions reveals that despite surface similarities these two claims are quite distinct. *Hence there is no basis for holding that under Florida law a right of action under the Act must be asserted as a compulsory counterclaim if an action on the underlying indebtedness is brought.*
>
> The only significant link between the two claims which could lead to the conclusion that they concern a common "transaction or occurrence" is the credit extension; each sues as a consequence of the other's obligation on the note (cites omitted). The lender's claim is for the balance of the note. The debtor's claim is to remedy alleged violations of the Act as a

consequence of the lender's failure to make the appropriate credit disclosures (emphasis added).

*Drew*, 448 F.Supp. at 436–37.[6]

We follow the reasoning and results in *Drew* in disposing of Lender's counterclaim argument—Mississippi has no statutory compulsory counterclaim. Thus, we affirm the District Court's action in not applying the doctrine of true res judicata since we have already concluded that there are substantial differences in the two statutes at issues.

However, our affirmance of the preclusion of "true res judicata" does not end our inquiry. We must now determine whether the present action is barred by the related doctrine of collateral estoppel or "issue preclusion." This Court has stated that the three traditional requirements for the application of the doctrine of collateral estoppel are: (i) the issue to be precluded must be identical to that involved in the prior action, (ii) in the prior action the issue must have been actually litigated, and (iii) the determination made of the issue in the prior action must have been necessary to the resulting judgment. *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 458–59 (5th Cir.), *cert. denied*, 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253 (1971). *Harris v. Washington*, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971). *See generally* 18 C. Wright, A. Miller, Federal Practice and Procedure § 4432 (1981).

Simply stated, collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final

---

**6.** In addition to the conclusion reached in *Drew* that the truth-in-lending claim was not compulsory, the Court reasoned that the debtors private attorney general enforcement rights had been conferred independent of state law liability on the underlying obligation. *Drew*, 448 F.Supp. at 436.

The District Court in Indiana also faced this identical issue and concluded that: "since the claim on the unpaid balance of the consumer loan is a matter more properly litigated in the state court, this Court is of the opinion that the plaintiff should not be deprived of an express federal statutory claim by the failure to assert the federal claim as a counterclaim in a state

court action. The statute is clear. Title 15 U.S.C. § 1640 creates a federal cause of action which under § 1640(e) may be litigated in any United States District Court. This federal claim is not contingent upon nor limited by the plaintiff's conduct in prior state court proceedings. Therefore, this Court now holds that the failure of the plaintiff in this action to raise her federal statutory claim as a counterclaim in a prior state court proceeding initiated by the defendant bank suing upon the unpaid consumer loan does not constitute a bar to her litigating her federal claim under 15 U.S.C. § 1640," *Daughtrey v. First Bank & Trust Co. of South Bend*, 435 F.Supp. 218, 221 (D.C.Ind.1977).

judgment, that issue or point in controversy cannot be relitigated between the same parties in any future lawsuit.

 By comparing the issues adjudicated at the county level (*see* note 3, *supra*) with those alleged in Borrowers' federal complaint (*see* note 2, *supra*), it is readily apparent that the violations or issues in question are distinct and different. Accordingly, we find that the present suit is not barred by the doctrine of collateral estoppel.

### Two Recoveries

We cannot affirm, however, the District Court's damage award. The TILA allows recovery "with respect to *any person*" where liability is found for "twice the amount of the finance charge in connection with the transaction up to $1,000." 15 U.S.C.A. § 1640(a)(1) [7] (emphasis added). This Court has allowed a husband and wife who signed a promissory note and who were jointly and severally liable under state law to be entitled to two statutory penalties. *See Cody v. Community Loan Corp. of Richmond County*, 606 F.2d 499, 508 (5th Cir. 1979), *cert. denied*, 446 U.S. 988, 100 S.Ct. 2973, 64 L.Ed.2d 846 (1980), *citing Davis v. United Companies Mortgage and Investment of Grentna, Inc.*, 551 F.2d 971, 972 (5th Cir. 1977) (two statutory penalties allowed when there are two borrowers who are jointly and severally liable for the note).

 The record reveals that both White and Tinsley, Borrowers, signed all the documents together and were jointly and sever-

ally liable for the note. Thus, the District Court should have awarded each of the Borrowers the statutory penalty which in our case would entitle Borrowers to an additional $377.90.

Accordingly, we modify the judgment appealed from so as to award the additional sum of $377.90 to the plaintiffs upon their cross-appeal, and, as modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.

---

7.  15 U.S.C.A. § 1640. Civil liability—Individual or class action for damages; amount of award; factors determining amount of award

    (a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

    (1) any actual damage sustained by such person as a result of the failure;

    (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchap-

ter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; or

    (B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery in such action shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the creditor; and

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.