[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
MAY 5, 2010
JOHN LEY

_____

No. 08-15576

_____

D.C. Docket No. 07-00224-CV-MHS-1

JARRON DRAPER,

Plaintiff-Appellant,

versus

ATLANTA INDEPENDENT SCHOOL SYSTEM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 5, 2010)

Before EDMONDSON, BARKETT and BALDOCK,* Circuit Judges.

_____

*  Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

BALDOCK, Circuit Judge:

Plaintiff Jarron Draper appeals the district court's dismissal of his suit arising under § 504 of the Rehabilitation Act, 29 U.S.C. § 794. We are convinced the district court did not err when it concluded the doctrine of res judicata bars Plaintiff's claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Defendant Atlanta Independent School System misdiagnosed Plaintiff with a mild intellectual disability when he was in fifth grade. Defendant failed to reevaluate Plaintiff, so he spent most of his school years in a special education classroom for children with mild intellectual disabilities. In tenth grade, he was finally diagnosed with the specific learning disorder of dyslexia. In November 2004, Plaintiff filed a due process complaint with the Georgia Office of State Administrative Hearings, claiming Defendant denied him a free appropriate public education (FAPE) in violation of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1482. The administrative law judge (ALJ) who heard Plaintiff's case found that Plaintiff was entitled to a choice of compensatory education services from Defendant. Plaintiff elected to attend the Cottage School, a private school of his choice, with

2

Defendant paying up to $15,000 per year for his tuition until June 2009 or receipt of his diploma, whichever came earlier.

Plaintiff and Defendant both appealed the ALJ's ruling to the United States District Court for the Northern District of Georgia. Defendant challenged the award in its entirety, and Plaintiff challenged the tuition limits. In an order issued on March 19, 2007, the district court affirmed the ALJ's ruling but modified the remedy by ordering Defendant to pay up to $38,000 per year for Plaintiff's education at the Cottage School until June 2011 or Plaintiff's receipt of his diploma, whichever came earlier. Draper v. Atlanta Indep. School Sys., 480 F. Supp. 2d 1331, 1354 n. 11 (N.D. Ga. 2007) (Draper I). Defendant appealed, and we held the district court did not abuse its discretion in modifying Plaintiff's compensation under the IDEA. Draper v. Atlanta Indep. School Sys., 518 F.3d 1275, 1290 (11th Cir. 2008).

On January 24, 2007, Plaintiff filed the instant action alleging violations of § 504 of the Rehabilitation Act, 29 U.S.C. § 794. The district court granted Defendant's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, concluding that the doctrine of res judicata barred his suit. Plaintiff appeals, arguing the district court erred in

concluding his § 504 claims were barred by res judicata and in not reopening Draper I and consolidating the two actions.

"Questions of law raised by the application of res judicata are reviewed de novo." In re Atlanta Retail, Inc., 456 F.3d 1277, 1284 (11th Cir. 2006). "Res judicata bars the filing of claims which were raised or *could have been raised* in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999) (emphasis added). Such claims are barred if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases." Id. Plaintiff agreed at oral argument that the first three elements of res judicata are met.

We have explained:

In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same. The test is one of substance, not form. Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'"

Manning v. City of Auburn, 953 F.2d 1355, 1358–59 (11th Cir. 1992)

4

(quoting N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990) (internal citations omitted)).

When asked at oral argument whether "the same cause of action is involved in both cases," Plaintiff's counsel responded: "It goes beyond that . . . to whether there is an exception to that rule." Plaintiff seems to be asking us to apply a narrow "rights and duties" test, which he views as an exception to our usual "transactional" or "nucleus of operative fact" test for res judicata. Under Plaintiff's narrow "rights and duties" test, he argues his claim under § 504 involves different rights and duties than his IDEA claim because his § 504 claim involves discrimination against him rather than only the denial of a FAPE. For this argument, Plaintiff relies on I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986), in which we stated: "The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." At oral argument, the parties discussed whether in Durbin we first adopted a "rights and duties" test separate from a test considering the nucleus of operative fact, whether Durbin is an "outlier" in our res judicata jurisprudence, and whether such a separate

5

"rights and duties" test exists today. Despite the apparent confusion at oral argument, we have used the same rights and duties language in our res judicata analysis since we were part of the Fifth Circuit. See, e.g., Ray v. Tennessee Valley Auth., 677 F.2d 818, 821 (11th Cir. 1982) ("The principal test for determining whether the causes of action are the same is whether the primary right and duty or wrong are the same in each case."); White v. World Fin. of Meridian, Inc., 653 F.2d 147, 150 (5th Cir. Unit A Aug. 1981) ("[T]he principal test recognized by this Court for comparing causes of action is whether the primary right and duty or wrong are the same in each action."). We have continued using this same language since Durbin. See, e.g., Adams v. S. Farm Bureau Life Ins. Co., 493 F.3d 1276, 1289 (11th Cir. 2007) ("In determining whether the causes of action are identical, we have indicated that the analysis centers on whether the 'primary right and duty are the same.'" (quoting Manning, 953 F.2d at 1358)); Ragsdale, 193 F.3d at 1239 ("In the Eleventh Circuit, '[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case.'" (quoting Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir.

1990))).  Nevertheless, in cases before and after <u>Durbin</u>, we have consistently considered the substance and factual circumstances of each cause of action rather than merely inquiring what rights and duties are involved.  <u>See</u>, <u>e.g.</u>, <u>Ragsdale</u>, 193 F.3d at 1239 ("[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.").  Plaintiff seems to request we construe such rights and duties language as a distinct exception to our test for the fourth element of res judicata.  But we have never endorsed a *separate* rights and duties test; nor have we ever recognized a rights and duties exception to our usual res judicata test.  Our res judicata analysis has always required a consideration of the facts and legal theories of two causes of action as well as the rights and duties involved in each case.  <u>See</u> <u>Manning</u>, 953 F.2d at 1359 (11th Cir. 1992) (explaining that it is an oversimplification to focus on rights and duties alone and that we must compare the factual issues of each case as well).  We have consistently concluded that when the substance and facts of each action are the same, res judicata bars the second suit.  <u>See</u>, <u>e.g.</u>, <u>Ragsdale</u>, 193

F.3d at 1239; Pelletier v. Zweifel, 921 F.2d 1465, 1502 (11th Cir. 1991).

In this case, as in Draper I, Plaintiff seeks a remedy for the improper education he received from Defendant. Though the cases involve different statutory schemes for relief, the substance of and primary right at issue in each action is the same: Defendant failed to properly educate Plaintiff. Plaintiff now alleges Defendant did so in a discriminatory manner. Though the relief sought under § 504 in this case differs from that sought under the IDEA in Draper I, the transaction and nucleus of operative fact are the same, as Plaintiff's counsel admitted at oral argument. Moreover, nothing prevented Plaintiff from demanding relief under § 504 in Draper I when he appealed the ALJ's decision to the district court. Because Draper I and the instant case involve Plaintiff's same primary right to receive a proper education, Defendant's same duty to provide a proper education, and the same nucleus of operative fact, they involve the same cause of action for the purposes of res judicata.

Plaintiff also argues the district court erred when it did not reopen Draper I and consolidate this suit with that one. He emphasizes that the same judge presided over both cases, had not entered a final judgment in

8

Draper I when the instant case was filed, and could have consolidated the cases. We review a district court's ruling on whether consolidation is appropriate for abuse of discretion. Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 760 (11th Cir. 1995). Under Fed. R. Civ. P. 12(c), the district court *may* consolidate actions involving a common question of law or fact but is not required to do so. We see no evidence indicating that the district court abused its discretion in refusing to reopen Draper I and consolidate the actions.

The district court did not err in concluding res judicata bars this suit or in refusing to reopen Draper I and consolidate the instant action with it. The district court's order in this case, therefore, is AFFIRMED.