# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50175

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2016

Lyle W. Cayce
Clerk

RACHEL CRAWFORD,

      Plaintiff - Appellant

v.

SAN MARCOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT;
WALLY GONZALEZ,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-206

Before STEWART, Chief Judge, and REAVLEY and DAVIS, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Rachel[1] Crawford appeals the district court's order granting summary judgment in favor of Defendant-Appellee San Marcos Consolidated Independent School District (the "District"). The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Crawford's brief is inconsistent regarding whether her first name is spelled "Rachel" or "Rachael." We will use the spelling in the case caption.

No. 15-50175

ruled that the doctrine of claim preclusion[2] barred Crawford's Americans with Disabilities Act ("ADA") claim because she could have raised that claim in one of her previous lawsuits against the District.[3]  We affirm.

I.

Crawford suffers from Asperger's Syndrome, a psychological disorder characterized by significant difficulties in nonverbal communication and social interaction, as well as restricted and repetitive patterns of behavior and interests.

Crawford attended high school in the District. The District provided Crawford special education services to accommodate her disability. Crawford alleges that, while she was still a student, the District discriminated against her on the basis of disability in two respects. She first alleges that, while she was experiencing an emotional outburst at school, District employees restrained her and injured her head. She also alleges that the District denied her an appropriate education by segregating her from non-disabled students in a closed room without providing her liquids or bathroom breaks. Crawford claims that the District's actions violated the ADA.

This is the third time Crawford has sued the District.[4] Her first suit against the District raised a claim pursuant to the Individuals with Disabilities Education Act ("IDEA"). Because all the events giving rise to Crawford's ADA

---

[2] Many courts and litigants, including the parties in this case, use the term "res judicata" instead of "claim preclusion." Commentators prefer the term "claim preclusion" because it is more precise. CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS 680 (4th ed. 1983). We will therefore use the term "claim preclusion" to the exclusion of "res judicata."

[3] Crawford also raised claims under IDEA, the Rehabilitation Act, and 42 U.S.C. § 1983 in her complaint, but she does not pursue those claims on appeal.

[4] Crawford's mother filed the first suit against the District on Crawford's behalf as her next friend. After Crawford's mother died, Crawford amended her complaint in the first case to pursue her claims on her own behalf. Thus, Crawford was a named plaintiff in all three suits against the District.

claims had already occurred by the time Crawford filed the first suit, she could have raised her ADA claims at the same time as her IDEA claim. However, she did not do so. Crawford ultimately settled her IDEA claim against the District, and the court entered a final judgment dismissing the first case with prejudice.

In the instant case, Crawford now pursues the ADA claims she could have pursued in the first suit. The District moved for summary judgment, and the district court referred the summary judgment motion to a magistrate judge. The magistrate judge recommended that the district court grant the motion. He reasoned that, "[b]ecause all of the facts were known to [Crawford] and her mother when the First Suit was filed, [Crawford] could have brought the claims raised in the Current Suit in her First Suit." The magistrate judge therefore concluded that the doctrine of claim preclusion barred Crawford from raising her ADA claims in the instant case.

The magistrate judge warned Crawford that if she failed to file written objections to the report and recommendation within fourteen days, she would be barred "from *de novo* review by the District Court of the proposed findings and recommendations in the Report," as well as "from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court," "except upon grounds of plain error."

Crawford nevertheless failed to object to the report and recommendation. The district court accordingly reviewed the report and recommendation for plain error and found none. The district court therefore adopted the report and recommendation in its entirety and granted summary judgment in the District's favor. Crawford now appeals.

No. 15-50175

II.

"Ordinarily, '[w]e review a district court's grant of summary judgment de novo, applying the same standards as the district court.'"[5] However, if the appellant "'did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court' despite being 'served with notice of the consequences of failing to object[,]'" we instead review the district court's judgment for plain error.[6] The plain error standard applies to the magistrate judge's legal conclusions and factual findings alike.[7]

Crawford did not object to the magistrate judge's report and recommendation, even though the magistrate judge warned her of the consequences of failing to object. Thus, the plain error standard governs this appeal.

III.

Claim preclusion, also known as res judicata,[8] "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[9] For the following reasons, the magistrate judge did not plainly err by concluding that Crawford could have and should have raised her ADA claims in her first lawsuit against the District.

---

[5] *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015) (quoting *Humana Health Plan, Inc. v. Nguyen*, 785 F.3d 1023, 1026 (5th Cir. 2015)).

[6] *Id.* (quoting *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n.2 (5th Cir. 2013)).

[7] *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008) (emphasis added) (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)).

[8] CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS 680 (4th ed. 1983).

[9] *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004), *cert. denied*, 543 U.S. 1034 (2004) (quoting *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. 1999), *cert. denied*, 527 U.S. 1004 (1999)).

No. 15-50175

First, the first case and the current case involve identical parties. In both cases, Crawford was a named plaintiff and the District was a named defendant.

Second, the district court in the first case was a court of competent jurisdiction.

Third, the first case was concluded by a final judgment on the merits because Crawford stipulated to dismissal of the first case with prejudice.[10]

Finally, the first case and the current case involve the same claim or cause of action. Two cases involve the same claim or cause of action if they "are based on the same nucleus of operative facts."[11] Here, both cases involve the same allegations that the District failed to provide disability-appropriate educational services to Crawford. Moreover, both cases involve events that occurred during the same time period. Thus, both cases involve the same nucleus of operative facts, and, therefore, the claim or cause of action.[12]

Crawford argues that the first case and the current case do not involve the same claim or cause of action because the IDEA claim she raised in the first case is governed by different elements than the ADA claim she raises in in the instant case. To support her argument, she cites *Pace v. Bogulusa City School Board*, 403 F.3d 272 (5th Cir. 2005) (en banc), which states that "relitigation of an issue is not precluded unless the facts and the legal standards used to assess them are the same in both proceedings."[13]

---

[10] *See United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998) ("[A] voluntary dismissal with prejudice is ordinarily deemed a final judgment that satisfies the [claim preclusion] criterion.").

[11] *Petro-Hunt*, 365 F.3d at 396 (citing *Southmark*, 163 F.3d at 934).

[12] *See Draper v. Atlanta Independent School System*, 377 F. App'x 937, 940 (11th Cir. 2010) ("Because [the prior case] and the instant case involve Plaintiff's same primary right to receive a proper education, Defendant's same duty to provide a proper education, and the same nucleus of operative fact, they involve the same cause of action for the purposes of [claim preclusion].").

[13] 403 F.3d at 290.

No. 15-50175

Crawford's argument confuses two distinct doctrines with different elements. The standard Crawford cites from *Pace* applies to the doctrine of *issue* preclusion (also known as collateral estoppel), *not claim* preclusion.[14] The two doctrines are "very different."[15] Claim preclusion "foreclos[es] any litigation of matters *that have never been litigated*" on the ground that "they should have been advanced in an earlier suit."[16] Issue preclusion, by contrast, "foreclos[es] relitigation of matters *that have once been litigated and decided*."[17] Because *issue* preclusion, unlike claim preclusion, requires the matter in question to be fully litigated in a prior proceeding, the doctrine only applies if "the facts and the legal standards used to assess them are the same in both proceedings."[18] *Claim* preclusion, which is the only type of preclusion that this appeal implicates, has no such requirement.[19] Because the first case and the instant case involve the same nucleus of operative facts, the magistrate judge correctly concluded that claim preclusion bars Crawford's suit.[20]

In sum, the magistrate judge committed no error, plain or otherwise.[21] We therefore affirm the judgment.

AFFIRMED.

---

[14] *See id.*

[15] CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS 680 (4th ed. 1983).

[16] *Id.* (emphasis added).

[17] *Id.* (emphasis added).

[18] *Pace*, 403 F.3d at 290 (quoting *Southmark*, 163 F.3d at 932).

[19] *Compare Southmark*, 163 F.3d at 932 (listing the elements of issue preclusion) *with id.* at 934 (listing the elements of claim preclusion).

[20] *See Petro-Hunt*, 365 F.3d at 395 (citing *Southmark*, 163 F.3d at 934).

[21] *See Draper*, 377 F. App'x at 938-40 (applying claim preclusion in a factually similar case).