# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 18-10596
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2019

Lyle W. Cayce
Clerk

ASSOCIATED RECOVERY L.L.C.,

     Plaintiff–Appellant,

v.

JOHN DOES 1- 44; 744.COM; 028.COM; 3DCAMERA.COM; FNY.COM; ET AL,

     Defendants–Appellees;

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ASSOCIATED RECOVERY L.L.C.,

     Plaintiff–Appellant,

v.

JOHN DOES 1- 44; 744.COM; 028.COM; 3DCAMERA.COM; FNY.COM; VERISIGN INCORPORATED; ET AL,

     Defendants–Appellees;

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ASSOCIATED RECOVERY L.L.C.,

     Plaintiff–Appellant,

v.

LINDA BUTCHER; CBRE GROUP INCORPORATED; VIVIAN ROSENTHAL; WILLIAM WOLFSON; PRIVECO INCORPORATED; STEVE PARMA; SOL PERLSTEIN; RADICAL INVESTMENTS MANAGEMENT L.L.C.; TUMULT INCORPORATED; DGB PARTNER INCORPORATED; TOBYCLEMENTS.COM L.L.C.; TRUE MAGIC L.L.C.; JANNO L.L.C.; POWER HOME TECHNOLOGIES L.L.C.; LOOKOUT INCORPORATED;

No. 18-10596

SLICE TECHNOLOGY INCORPORATED, formerly known as Project Slice Incorporated; STEVE FORTUNA; MOINC-US; TELEPATHY INCORPORATED; ONIG L.L.C.; NEWS LIMITED; WORLDWIDE RETAILING L.L..C.; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; ALL-PRO FASTENERS INCORPORATED; BUYERS INTERNATIONAL GROUP L.L.C.; CREATION MEDIA L.L.C.; DHARSHINEE NAIDU; KATE SPADE; ALANSIS CORPORATION; FANTASY SPIN GAME L.L.C.; GOLDRUN INCORPORATED; ALANSIS.COM INCORPORATED,

Defendants–Appellees.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1025
USDC No. 3:17-CV-424
USDC No. 3:17-CV-651

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

This collateral-estoppel question originates from a business-partnership dispute. Jeffrey Baron and Munish Krishan started an internet-domain-name company. *Netsphere, Inc. v. Baron*, 703 F.3d 296, 301 (5th Cir. 2012). But their partnership soured. Krishan's independent company Netsphere sued Baron. The district court appointed a receiver over Baron's personal property as well as for his corporation Novo Point. And the court authorized sales of domain names to pay for fees. *Id.* at 301–05. Baron appealed the receivership, and this court obliged, reversing the appointment of a receiver. *Id.* at 314.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10596

Fast forward a few years, and Novo Point assigned some of its interests to Associated Recovery—a new corporation that Baron also has an interest in. Associated Recovery sued the domain-name buyers, asserting ownership of the domain names from *Netsphere*. The argument: that the sales are void. But the district court granted the defendants' motion to dismiss, holding that Associated Recovery's claim is barred by collateral estoppel. Thus this appeal.

We review an order granting a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss de novo. *New Orleans City v. AMBAC Assurance Corp.*, 815 F.3d 196, 199 (5th Cir. 2016). And we accept all well-pleaded facts as true, considering them in the light most favorable to the nonmovant. *Id.* at 199–200.

In *Netsphere*, although this court reversed the receivership, we did not reverse the sales of domain names. Instead, we ordered "[n]o *further* sales of domain names." 703 F.3d at 314 (emphasis added). We left the completed sales intact. Even though Associated Recovery wasn't a party to *Netsphere*, our ruling still binds the corporation because of its close relationship to Baron and Novo Point. *See Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 94–95 (5th Cir. 1977).

Not only does *Netsphere* bind Associated Recovery, it also collaterally estops the corporation. *See White v. World Fin. of Meridian, Inc.*, 653 F.2d 147, 151 (5th Cir. Unit A Aug. 1981). This case raises the same issue as in *Netsphere*: the reversal of domain-name sales. And that issue was fully litigated; in fact, resolved. This issue was at the very heart of Baron's request for relief.

Associated Review thus may not relitigate this decided issue. The district court was correct to dismiss the suit. We AFFIRM.